UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE WHITE,<br><br>              Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>              Defendants. | Case No.: 1:24-cv-01389-SKO<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE**<br><br>**14-DAY DEADLINE**<br><br>Clerk of the Court to Assign District Judge |

Plaintiff Terrence White is former state prisoner and current parolee proceeding pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

**I.     INTRODUCTION**

Plaintiff initiated this action by filing his complaint on November 13, 2024. (Doc. 1.) Plaintiff also filed an Application to Proceed in District Court Without Prepaying Fees or Costs. (Doc. 2.)

On November 15, 2024, this Court issued its Order Directing Plaintiff to Clarify and Complete His Responses to Questions 2 and 3(f) in the Application to Proceed In District Court Without Prepaying Fees or Costs. (Doc. 4.) Plaintiff was directed to respond within 14 days of the date of the order. (*Id.* at 3.) More than 14 days have passed without a response.

## II. DISCUSSION

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

Plaintiff has failed to comply with the Court's November 15, 2024, order. Plaintiff was ordered to clarify his response to Question 2 and to complete his response to Question 3(f) of his application to proceed without prepaying of fees or costs. (Doc. 4.) More than 14 days have passed, and Plaintiff has failed to file a written response. The Court cannot effectively manage its docket if Plaintiff ignores the Court's orders. This case cannot move forward without the ability to determinate whether Plaintiff should be permitted to proceed without prepaying the filing fee for this action. Thus, the Court finds that both the first and second factors—the public's interest in the expeditious resolution of litigation and the Court's need to manage its docket— weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

Next, while the risk of prejudice to defendants is a lesser factor here because the named defendants have not appeared in the action, a presumption of harm or injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W*., 542 F.2d 522, 524 (9th Cir. 1976). Plaintiff's failure to respond to the Court's order seeking clarification and completion of his request to proceed without prepayment of costs and fees is an unreasonable delay in prosecuting this action. Therefore, the Court finds the third factor—a risk of prejudice to defendants—weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). Here, Plaintiff is failing to move this case forward by not complying with the Court's November 15, 2024, order to provide the information necessary for a determination of whether Plaintiff is entitled to proceed without prepaying the required filing fee. Thus, the Court finds the fourth factor—the public policy favoring disposition on the merits—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. Here, the Court's First Informational Order in Prisoner/Civil Detainee Civil Rights Case advised, in relevant part: "the parties must comply with this Order, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the United States District Court, Eastern District of California ("Local Rules"), as modified by this Order. Failure to so comply will be grounds for imposition of sanctions which may include dismissal of the case." (Doc. 3 at 1.)  Plaintiff was advised that "all Court deadlines are strictly enforced." (*Id*. at 5.) Next, when the Court directed Plaintiff to clarify and complete his responses on his application to proceed without prepaying fees and costs, Plaintiff was advised that a "**[f]ailure to comply with this Order may result in a recommendation that this**

**action be dismissed, without prejudice, for a failure to obey court orders.**" (Doc. 4 at 3, emphasis in original.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance with court orders. Moreover, at this stage of the proceedings, there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Therefore, the fifth factor— the availability of less drastic sanctions—weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

### III.     ORDER AND RECOMMENDATIONS

Accordingly, the Court **DIRECTS** the Clerk of the Court to randomly assign a district judge to this action. Further, the Court **RECOMMENDS** that this action be dismissed, without prejudice, for Plaintiff's failure to obey court orders and failure to prosecute.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **December 9, 2024**                    */s/ Sheila K. Oberto*
                                                                       UNITED STATES MAGISTRATE JUDGE