1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                           EASTERN DISTRICT OF CALIFORNIA

10

11   TERRENCE WHITE,                           Case No.: 1:24-cv-01389-KES-SKO

12              Plaintiff,                      **ORDER GRANTING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYMENT OF FEES OR COSTS**

13        v.

14   CALIFORNIA DEPARTMENT OF
     CORRECTIONS AND                            (Doc. 2)
15   REHABILITATION, et al.,

16              Defendants.

17

18        Plaintiff Terrence White is former state prisoner and current parolee proceeding pro se in

19   this civil rights action pursuant to 42 U.S.C. section 1983.

20        **I.      BACKGROUND**

21        Plaintiff initiated this action by filing his complaint on November 13, 2024. (Doc. 1.)

22   Plaintiff also filed an Application to Proceed in District Court Without Prepaying Fees or Costs.

23   (Doc. 2.)

24        On November 15, 2024, the Court issued its Order Directing Plaintiff to Clarify and

25   Complete His Responses to Questions 2 and 3(f) in the Application to Proceed in District Court

26   Without Prepaying Fees and Costs. (Doc. 4.) Plaintiff was to respond within 14 days. (*Id*. at 3.)

27        Plaintiff failed to respond, and on December 10, 2024, the Court issued Findings and

28   Recommendations to dismiss this action for Plaintiff's failure to obey court orders and failure to

1    prosecute. (Doc. 6.) Any objections were to be filed within 14 days. (*Id*. at 4.)

2         On December 26, 2024, Plaintiff filed a document titled "Objection to Magistrate Judge's

3    Findings and Recommendations; Motion for Extension of Time (Fed. R. Civ. P. 26(b); 72(a))."

4    (Doc. 7.)

5         On January 3, 2025, the Court vacated its Findings and Recommendations and granted

6    Plaintiff an extension of time to respond to the Court's order seeking clarification. (*See* Doc. 8.)

7         On January 21, 2025, Plaintiff filed[1] a document titled "Declaration of Mwalimu

8    Shakur."[2] (Doc. 9.)

9    **II.    DISCUSSION**

10         Plaintiff was previously ordered to clarify his responses to Questions 2 and 3(f) on his

11    application to proceed without prepayment of fees. (Doc. 4.) Regarding Question 2, Plaintiff

12    clarifies that at the time of his application his take-home pay was $800 every two weeks; those

13    monies were grant funded and not taxed. (Doc. 9 at 2, ¶¶ 3-5.) Regarding Question 3(f), Plaintiff

14    explains he received $5,000 from a GoFundMe account, and all funds were donated to "the Skid

15    Row Housing Project, the Downtown Women's Center, Los Angeles Community Action

16    Network and Urban Alchemy." (*Id*., ¶ 6-7.) Plaintiff did not retain any funds from the GoFundMe

17    account, and it is now closed. (*Id*., ¶¶ 8-9.)

18         The Court accepts Plaintiff's clarifications. Considering this additional information and

19    the information previously provided on the application, the Court will grant Plaintiff's application

20    to proceed without prepayment of fees.

21

---

22    [1] Plaintiff is advised the prison mailbox rule does not apply to this action because he is no longer in

23    custody. *See Gelazela v. United States*, No. 1:21-cv-01499-JLT-EPG (PC), 2024 WL 3675609, at *8, n.2 (E.D. Cal. Aug. 5, 2024) (finding the mailbox rule does not apply because plaintiff was released from

24    custody when he filed his complaint). Moving forward, Plaintiff shall ensure his filings are received by the Court by the deadline imposed. *See Estrada v. North Kern State Prison*, No. 1:18-cv-00667-DAD-SAB

25    (PC), 2020 WL 590114, at *2 (E.D. Cal. Feb. 6, 2020) ("the Court reminds Plaintiff that, now that he has been released from custody, the prison mailbox rule no longer applies to his filings. … In the future,

26    Plaintiff should ensure that any motions for extension of time, or other responses to Court deadlines, are mailed to the Court so they will be received by the applicable deadline").

27

[2] Plaintiff Terrence White is also known as Mwalimu Shakur. (*See* Doc. 1.)

28

1

2

### III.    CONCLUSION AND ORDER

Based on the foregoing, the Court **HEREBY ORDERS** as follows:

1.  Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is **GRANTED**; and

2.  The Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2).[3] Plaintiff's complaint has not yet been screened and will be screened in due course as the Court continues to screen the numerous pro se prisoner complaints on its docket.

IT IS SO ORDERED.

Dated:   __**January 22, 2025**__                    ___/s/ *Sheila K. Oberto*___
                                         UNITED STATES MAGISTRATE JUDGE

---

[3] The Court is required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners"). *See also* 28 U.S.C. § 1915A(a) (a court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity).